UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
                                         :

UNITED STATES OF AMERICA,         :
                                           :

         -v-                   :
                                         :          23-CR-134 (VSB)
                                         :

CALVIN DARDEN, JR.,           :          **ORDER**
                                         :

                    Defendant.   :
                                         :
--------------------------------------------------------X

<u>VERNON S. BRODERICK, United States District Judge</u>:

       I am in receipt of the Defendant's motion requesting that I:  (1) ask five questions related to implicit bias in the voir dire; (2) give a preliminary instruction pertaining to implicit bias; and (3) play a video regarding implicit bias to all prospective jurors.  (Doc. 176.)  Having reviewed the Defendant's memorandum of law, (*id.*), and declaration, (Doc. 175), as well as the Government's opposition, (Doc. 177), it is hereby:

       ORDERED that Defendant's motion to include questions related to implicit bias in the voir dire is DENIED insofar as I decline to ask the five questions proposed by Defendant.  However, I have added additional questions regarding prejudice and bias.  (*See* Ex. A[1] Qs. 59, 60.)

       IT IS FURTHER ORDERED that Defendant's motion for a preliminary instruction pertaining to implicit bias is DENIED insofar as I decline to give the instruction proposed by the Defendant.  However, I have added the following alternative language proposed by the

---

[1] "Ex. A" is a copy of the voir dire, which has been revised consistent with this Order.  Attached as Exhibit B to this Order is a redline comparing Ex. A to the version provided to the parties by email on Thursday, September 12, 2024.

Government to my preliminary instructions:  "It is important that you discharge your duties without discrimination, meaning that bias regarding the race, color, religious beliefs, national origin, sexual orientation, gender identity, or gender of the defendant, any witnesses, and the lawyers should play no part in the exercise of your judgment throughout the trial."  (Doc. 177 at 2.)

IT IS FURTHER ORDERED that Defendant's motion to play a video regarding implicit bias to all prospective jurors is DENIED.

IT IS FURTHER ORDERED that in light of the parties' joint request, I have added the parties' proposed questions pertaining to prior convictions.  (*See* Ex. A Qs. 62, 63.)

The Clerk of Court is respectfully directed to terminate the open motion at Doc. 174.

SO ORDERED.

Dated:    September 16, 2024
          New York, New York

_____
Vernon S. Broderick
United States District Judge

# Ex. A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
                         :

UNITED STATES OF AMERICA,         :

                         :

                      v.         :            23-CR-134 (VSB)

                         :

CALVIN DARDEN, JR.,          :

                         :

                Defendant.   :

                         :

-----------------------------------------------------------X

# CRIMINAL VOIR DIRE

# QUESTIONS FOR JURORS

# <u>PART I</u>

**A.**   <u>**General Questions**</u>

1.     Do you have any problem with your hearing or vision that would prevent you from giving attention to all of the evidence at this trial?

2.     Do you have any medical problem, are you taking any medication, or do you suffer from any condition that might interfere with your service as a juror in this case or make it difficult for you to give the case your full attention?

3.     Do you have any difficulty understanding or reading English?

4.     Do you have any reservations about discussing your opinions with other people?

5.     Do any of you have any religious, philosophical, or other beliefs that would make you unable to render a guilty verdict for reasons unrelated to the law and the evidence?

6.     Do you have any reservations about sitting in judgment of others?

7.     This trial, which will begin on Monday, September 23, 2024, is expected to last approximately two-and-a-half weeks. Do you have any personal or professional obligations that would make it impossible for you to serve on a trial of that length?

8.      Have you or any family members had any legal training?

      a.      If so, do you have legal training or is it your family member?

      b.      Will that training affect your ability to be fair and impartial in this case?

**B.**      <u>**Nature of the Charges**</u>

9.      As I have mentioned, the charges in the Indictment are: (1) conspiracy to commit wire fraud and bank fraud; (2) wire fraud; (3) bank fraud; (4) conspiracy to commit money laundering; and (5) money laundering.  In my earlier comments to you I summarized the case.  Is there anything about the nature of these charges that would affect your ability to render a fair and impartial verdict?

10.      Do you have any personal knowledge of the charges contained in the Indictment as I have described them?

11.      Have you read or heard anything about this case from any source whatsoever, prior to today?

      a.      If so, is there anything you have read or heard that would prevent you from deciding the issues in this case fairly and impartially?

12.      The defendant must be presumed innocent unless and until he is proven guilty beyond a reasonable doubt.  Do you believe that just because the defendant has been indicted for these offenses that he must be guilty of these offenses?

13.      The fact that the defendant has been indicted for these offenses is not proof that he committed them and raises no presumption that he committed these offenses.  Do you have any difficulty understanding this legal principle, or would you like a further explanation?

14.      Do you have strong policy views on the crimes charged in the Indictment that would make it difficult for you to follow my instructions on the law and to base your verdict solely on the evidence in this case?

15.     Have you formed an opinion that the conduct charged in the Indictment, as I have described it to you, should not be crimes or should not be prosecuted federally?

16.     Have you, or have any of your family members or close friends, been involved—as a defendant, victim, witness, or in any other way—in any prosecution for fraud?

17.     The defendant is charged with acting with others in committing the alleged crimes. Some of those other individuals are not on trial in this case.  You may not draw any inference, favorable or unfavorable, toward the Government or the defendant from that fact.  You also may not speculate as to the reason why other persons are not on trial at this time. Would you have difficulty following this instruction or have difficulty rendering a fair and impartial verdict for this reason?

**C.      Knowledge of Case Participants or Locations**

18.     Do you know, or have you had any dealings, directly or indirectly, with Defendant Calvin Darden Jr., ("Defendant"), or with any relative, friend, or associate of the Defendant?

19.     Do you have any relatives, friends, associates, or employers who know or have had any dealings with the Defendant?

20.     Would anything about the physical appearance of Mr. Darden influence you in this case and/or cause you to doubt in any way your ability to be a fair and impartial juror?

21.     Mr. Darden is represented by attorneys Xavier Robert Donaldson, of the law firm Xavier R. Donaldson, Attorney at Law; Steven Zachary Legon, of the Law Offices of Steven Zachary Legon; Anthony L. Ricco, of the Law Office of Anthony L. Ricco; and Erica Ashley Reed, of the Law Office of Erica A. Reed.  They will also be assisted by Justin Lebrun, a paralegal.  Do you know, or have you had any dealings with any of these individuals or the law firms?  To your knowledge, have your family members or your close friends had any dealings with any of these individuals or the law firms?

22.     The prosecution, referred to here as the Government, is represented here, as in all cases where it is a party before this Court, by the United States Attorney for the Southern District of New York—who is Damian Williams.  The conduct of this trial will be in the immediate charge of Assistant United States Attorneys Kevin Mead, William Kinder, Stephen Ritchin, and Brandon Thompson.  They will also be assisted by Alexander Ross and Arjun Ahuja, paralegal specialists in the United States Attorney's Office, and Melissa Baccari, Special Agent with the Federal Bureau of Investigation (also known as the FBI).  Do you know, or have you had any dealings, either directly or indirectly, with any of them or the United States Attorney's Office for the Southern District of New York?  To your knowledge, have your family members or your close friends had any dealings with any of them or the United States Attorney's Office for the Southern District of New York?

23.     As I mentioned, I am District Court Judge Vernon Broderick and I will be presiding over this case.  Do you, your family members, or your close friends know, or have had any dealings with me directly or indirectly?

24.     I will be assisted during this trial by my Deputy Clerk Leyni Disla and my law clerk Katherine Folly.  Ms. Folly's maiden name was Stein.  Do you, your family members, or your close friends know, or have you had any dealings with either Ms. Disla or Ms. Folly directly or indirectly?

25.     Have you met any of the other prospective jurors before today?

26.     Do you know or have you heard of any of the following individuals or companies whose names may be mentioned during trial, or who may testify during the course of the trial?

        Abair, Suzanne
        Acosta, Jeffrey
        Adams, David
        Aflac (company)
        Anthony, Brannon
        Aramark (company)

Ashlock, Julianne
Atlanta Journal Constitution (company)
Atwood, Justine
Baldwin, Trevor
Baltimore, Jennifer
Brewer, Rosalind
Briscoe, Charles
Brock, John
Brock, Mary
Bronson, Jillian
Cardinal Health (company)
Coca-Cola (company)
Cohen, Darryl
Crawley, Donzaleigh
Cromer, William
Darden Enterprises (company)
Darden Sports Group (company)
Darden, Calvin Sr.
Darden, Patricia
Dershowitz, Jamin
Diorio, Louis
Duguid, Stuart
Ecityan, Serge
Engelbert, Cathy
Equifax (company)
Franklin, Shirley
Gilder, Brian
Gottesdiener, Larry
Hardaway, Penny
Hardeman, Daryl
Home Depot (company)
Horne, Art
Howard, Dwight
Howard, Sheryl
Jackson, Lamar
Ledford, Dirk
Legacy AC LLC (company)
Loffler, Kelly
Mahoney, Patrick
McDonalds (company)
McMullen, Mary
Medina, Jenise
Osaka, Naomi
Pamies, Michelle
Parsons, Chandler
Paulk, Lorielle
Pedroso, Suhaine
Perry, Tyler

Rae, Issa
Rivera, Jessica
Schmidt, Jeffrey
Sebade, Olivia
Sienko, Christopher
Slade, Kenyatta
Starbucks Coffee (company)
Swinton, Mark
Target (company)
TikTok (company)
Tyler Perry Studios (company)
Universal Music Group (company)
UPS (company)
Valentine, Kevin
West, Kanye
Wiseman, James
Yeezy (company)

27.     Have you, or has any relative or close friend, had any substantial connection to or significant dealings with any of these individuals or entities?  By substantial connection, I mean more than knowledge or familiarity with the company or patronizing the company. Rather, I am trying to learn about more significant involvement with the company; an example would be if you, any of your relatives, or close associates was employed or previously employed at one of these companies, or if you have or had a business relationship with one of these companies.

      a.     If so, is there anything about your familiarity with or knowledge of these individuals or entities that could affect your ability to be fair and impartial in this case?

28.     Are you familiar with 2716 Ridgewood Rd., Atlanta, GA 30327, a location that may be mentioned during trial?

29.     If so, is there anything about your familiarity with this location that could affect your ability to be fair and impartial in this case?

**D.**     **Experience with Law Enforcement and Defense**

30.    Do you know, or have any association—professional, business, or social, direct or indirect—with any member of the staff of the United States Attorney's Office for the Southern District of New York or the Federal Bureau of Investigation?

31.    Have you, or has any member of your family or any close friend, been employed by any law enforcement agency, whether federal, state, or local, such as the New York City Police Department, Homeland Security Investigations, Federal Bureau of Investigation, Drug Enforcement Administration, U.S. Marshals Service, District Attorney, United States Attorney's Office, Department of Justice, Probation or Parole, Bureau of Prisons, or any other such state or federal agency?

        a.    If so, in what agency and in what capacity?

        b.    Is there anything about that employment that might affect your ability to be fair and impartial in this case?

32.    Have you, or have any of your family members or close friends, had a relationship or friendship with a law enforcement officer of any kind?

        a.    If so, is there anything about that relationship or friendship that might affect your ability to be fair and impartial in this case?

33.    Have you, either through any experience you have had or anything you have seen or read, developed any bias, prejudice or other feelings for or against the United States Attorney's Office for the Southern District of New York, the Federal Bureau of Investigation, or any other law enforcement agency?

34.    Have you, or have any of your family members or close friends, had any experience with law enforcement that you think might affect your ability to be fair and impartial in this case?

7

35.     Have you, or have any of your family members or close friends, either as an individual or in the course of your or their business, ever been a party to any legal action or dispute with the United States or any of the departments, agencies, or employees of the United States, including the Internal Revenue Service, or IRS?

      a.      If so, have you had any legal, financial, or other interest in the outcome of such a dispute?

36.     Have you, or have any of your family members or close friends, ever had any education or training, applied or worked for, or volunteered in, any area of criminal defense, such as a public defender office, a law office, or a private investigation firm?

      a.      If so, please describe the training, job, and the type of office and, if other than yourself, state the person's relationship to you.

37.     Have you, either through any experience you have had or anything you have seen or read, developed any bias, prejudice or other feelings for or against criminal defense attorneys?

38.     Do you have any personal feelings or experiences concerning law enforcement witnesses that would in any way affect your ability to be fair and impartial in this case?

39.     Would you be more likely to believe a witness merely because he or she is a member of a law enforcement agency?

40.     Would you be less likely to believe a witness merely because he or she is a member of a law enforcement agency?

**E.**     **Experience as a Witness, Juror, Defendant, or Crime Victim**

41.     Have you, or have any of your family members or close friends, ever been involved or appeared as a witness in any investigation by a federal or state grand jury, or by a Congressional or state legislative committee, governmental agency, or licensing authority?

42.  Have you, or have any of your family members or close friends, ever been questioned in any matter by a federal, state, or local law enforcement agency?

43.  Have you, or have any of your family members or close friends, ever been a witness or a complainant in any federal, state, or local prosecution?

44.  Are you, or is any member of your family or any close friend, now under subpoena or, to your knowledge, about to be subpoenaed, in any criminal case?

45.  Have you, or have any of your family members, associates, or close friends, ever been subpoenaed in any criminal case?

46.  Have you, or have any of your family members, associates, or close friends, ever been arrested or charged with a crime?

    a.  If so, what crime?

    b.  Do you believe that those charges were unfairly brought?

    c.  Will this fact affect your ability to be a fair and impartial juror in this case?

47.  Have you, or have any of your relatives, associates, or close friends, ever been the subject of any investigation or accusation by any federal or state grand jury, or by any Congressional committee?

48.  Have you, or have any of your family members, associates, or close friends, ever been a victim of a crime that you think may affect your ability to render a fair verdict?

49.  Have you, or any of your close friends or relatives, ever been stopped or questioned by any member of the Federal Bureau of Investigation, or any other law enforcement agency?

50.  Have you ever served as a member of a grand jury, whether in the federal, state, or county courts?

    a.  If so, when and where?

51.  Have you served as a juror?

     a.      If so, when did you serve?

     b.      Was it in state or federal court?  Was it a civil or criminal case?

     c.      Without disclosing the verdict, did you reach a verdict?

     d.      Was there anything about your previous jury experience that would lead you to feel that you could not be a fair and impartial juror in this case?

## F.  **Ability to Follow Instructions, Types of Evidence**

52.  Under our legal system, the jury determines the facts, and the Court determines the law.  If you are chosen as a juror, you and your fellow jurors will be the exclusive finders of the facts.  Throughout the trial and at the end of the case, I will instruct you on the law.  You are required to accept the law as I give it to you.  It will be your job to determine the facts and apply them to the law as I explain it to you.  Will you be unable or unwilling to follow my instructions as to the law?

53.  Do you have any expectations about the types of evidence that the Government will present in this criminal trial, or in a criminal trial more generally?  If so, what are your expectations?

54.  Would you be unable to follow my instructions that the Government is not required to use any particular technique in order to investigate evidence of a crime?

55.  Some of the evidence that may be introduced in this case will come from searches conducted by law enforcement officers, including searches of email accounts and electronic devices.  I instruct you that these searches were legal and that the evidence obtained from the searches is admissible in this case.  Do you have any beliefs or experiences about searches conducted by law enforcement officers, or the use of evidence obtained from searches at trial, that would interfere with your ability to fairly evaluate this evidence along with all of the other evidence that will be introduced at this trial?

56.     In order to find the Defendant guilty of the charges, the Government must prove that he is guilty beyond a reasonable doubt.  This is called the Government's burden of proof.  If the Government cannot meet its burden of proof, and you are not satisfied that the Defendant is guilty beyond a reasonable doubt, you must find the Defendant not guilty.  Do you have any difficulty in understanding the burden of proof?  Will you have trouble holding the Government to its burden?

57.     Will you be unable to render a guilty verdict for reasons unrelated to the law, even if the evidence establishes the Defendant's guilt beyond a reasonable doubt?

58.     I will instruct you that the Defendant has no obligation to testify or to produce any evidence, and you must not draw any adverse conclusions if he elects not to testify or produce evidence in this case.  Will you be unable to follow this instruction?

59.     Do you believe that you will be unable to reach a fair verdict in this case because of any prejudice or bias, including racial bias?

60.     The Defendant and many witnesses, for both the government and the defense, may be of a racial or ethnic group different than yours.  Is there anything about this fact that will make it difficult for you to be fair and impartial in this case?

61.     Would you attach greater weight to the testimony of a witness depending on which party called that witness?

62.     If you learned that the Defendant has a prior criminal conviction or convictions, would that cause you not to be fair and impartial?

63.     If you were to hear that any person related to this case was previously convicted of a crime or crimes, would you be unable to follow the court's instructions related to that testimony?

64.     Do you have any bias or prejudice or belief that might prevent you from accepting the instructions of law that I will give you in this case?

65.    The question of punishment is for me alone to decide, and the possible punishment must not enter into your deliberations as to whether the Defendant is guilty or not guilty.  Will you not be able to accept either of these propositions?

66.    Will you not be able to accept the proposition of law that sympathy or empathy must not enter into the deliberations of the jurors as to whether the Defendant is guilty or not, and that only the evidence admitted here in Court may be used by you to determine the guilt of the Defendant?

67.    After hearing these questions, are you leaning one way or the other on the question of guilt or innocence?

68.    Is there any juror who feels that even if the evidence established the Defendant's guilt beyond a reasonable doubt, he or she might not be able to render a guilty verdict for reasons unrelated to the law and the evidence?

69.    After hearing these questions, do you believe strongly that you should not be a juror on this case?  If so, why?

## **PART II**

1.      Please state your name and county of residence.  Please state each county of residence during the past 5 years, including how long you lived at each residence.

2.      Without providing your exact address, what is your current town of residence or neighborhood if you reside in New York City?

3.      Where were you born?

4.      How old are you?

5.      How far did you go in school?

6.      Have you ever served in the military?

        a.      What branch?

        b.      How long were you in the military?

        c.      What rank did you attain?

7.      Are you currently employed, and if so, how?

        a.      Who is your employer and in which county do you work? *(If retired or unemployed, describe your last employment.)*

8.      How long have you been employed in your current position?  If less than five years, please describe your employment history for the past five years.

9.      Please give your educational background, including the highest degree obtained.

10.     Have you visited any foreign countries in the last ten years?  If so, where did you travel?

11.     Who are the members of your household, if any, and where do they work, if anywhere?

12.     Do you have children or grandchildren?  If so, what are their ages and employment, if any?

13.     What newspapers, magazines, or online news sources do you read?  How often do you read them?

14.     What websites do you regularly read and/or post comments or information on?

15. Do you use social media?  If so, what platforms do you use?

16. What television, cable news channels, or online streaming shows do you watch regularly?

17. Do you watch "Dancing with the Stars?"

18. What are your hobbies or leisure-time activities?

19. What clubs or organizations do you belong to?

20. Are you a devoted fan of professional basketball?

    a. Do you have particularly strong feelings about any of the professional basketball players whose names I mentioned earlier that would prevent you from being fair and impartial in this case?

# Ex. B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                        :

UNITED STATES OF AMERICA,         :
                                          :

                       v.               :                   23-CR-134 (VSB)
                                          :

CALVIN DARDEN, JR.,             :
                                          :

                      Defendant.     :
                                          :
------------------------------------------------------------X

## CRIMINAL VOIR DIRE

## QUESTIONS FOR JURORS

## <u>PART I</u>

**A.**    <u>**General Questions**</u>

1.    Do you have any problem with your hearing or vision that would prevent you from giving attention to all of the evidence at this trial?

2.    Do you have any medical problem, are you taking any medication, or do you suffer from any condition that might interfere with your service as a juror in this case or make it difficult for you to give the case your full attention?

3.    Do you have any difficulty understanding or reading English?

4.    Do you have any reservations about discussing your opinions with other people?

5.    Do any of you have any religious, philosophical, or other beliefs that would make you unable to render a guilty verdict for reasons unrelated to the law and the evidence?

6.    Do you have any reservations about sitting in judgment of others?

7.    This trial, which will begin on Monday, September 23, 2024, is expected to last approximately two-and-a-half weeks. Do you have any personal or professional obligations that would make it impossible for you to serve on a trial of that length?

8.      Have you or any family members had any legal training?

        a.      If so, do you have legal training or is it your family member?

        b.      Will that training affect your ability to be fair and impartial in this case?

**B.**      **<u>Nature of the Charges</u>**

9.      As I have mentioned, the charges in the Indictment are: (1) conspiracy to commit wire fraud and bank fraud; (2) wire fraud; (3) bank fraud; (4) conspiracy to commit money laundering; and (5) money laundering.  In my earlier comments to you I summarized the case.  Is there anything about the nature of these charges that would affect your ability to render a fair and impartial verdict?

10.      Do you have any personal knowledge of the charges contained in the Indictment as I have described them?

11.      Have you read or heard anything about this case from any source whatsoever, prior to today?

        a.      If so, is there anything you have read or heard that would prevent you from deciding the issues in this case fairly and impartially?

12.      The defendant must be presumed innocent unless and until he is proven guilty beyond a reasonable doubt.  Do you believe that just because the defendant has been indicted for these offenses that he must be guilty of these offenses?

13.      The fact that the defendant has been indicted for these offenses is not proof that he committed them and raises no presumption that he committed these offenses.  Do you have any difficulty understanding this legal principle, or would you like a further explanation?

14.      Do you have strong policy views on the crimes charged in the Indictment that would make it difficult for you to follow my instructions on the law and to base your verdict solely on the evidence in this case?

15.    Have you formed an opinion that the conduct charged in the Indictment, as I have described it to you, should not be crimes or should not be prosecuted federally?

16.    Have you, or have any of your family members or close friends, been involved—as a defendant, victim, witness, or in any other way—in any prosecution for fraud?

17.    The defendant is charged with acting with others in committing the alleged crimes. Some of those other individuals are not on trial in this case.  You may not draw any inference, favorable or unfavorable, toward the Government or the defendant from that fact.  You also may not speculate as to the reason why other persons are not on trial at this time.  Would you have difficulty following this instruction or have difficulty rendering a fair and impartial verdict for this reason?

**C.**    **Knowledge of Case Participants or Locations**

18.    Do you know, or have you had any dealings, directly or indirectly, with Defendant Calvin Darden Jr., ("Defendant"), or with any relative, friend, or associate of the Defendant?

19.    Do you have any relatives, friends, associates, or employers who know or have had any dealings with the Defendant?

20.    Would anything about the physical appearance of Mr. Darden influence you in this case and/or cause you to doubt in any way your ability to be a fair and impartial juror?

21.    Mr. Darden is represented by attorneys Xavier Robert Donaldson, of the law firm ~~Donaldson, Chilliest & McDaniel, LLP~~Xavier R. Donaldson, Attorney at Law; Steven Zachary Legon, of the Law Offices of Steven Zachary Legon; Anthony L. Ricco, of the Law Office of Anthony L. Ricco; and Erica Ashley Reed, of the Law Office of Erica A. Reed.  They will also be assisted by Justin Lebrun, a paralegal.  Do you know, or have you had any dealings with any of these individuals or the law firms?  To your knowledge, have

3

your family members or your close friends had any dealings with any of these individuals or the law firms?

22.    The prosecution, referred to here as the Government, is represented here, as in all cases where it is a party before this Court, by the United States Attorney for the Southern District of New York—who is Damian Williams.  The conduct of this trial will be in the immediate charge of Assistant United States Attorneys Kevin Mead, William Kinder, Stephen Ritchin, and Brandon Thompson.  They will also be assisted by Alexander Ross and Arjun Ahuja, paralegal specialists in the United States Attorney's Office, and Melissa Baccari, Special Agent with the Federal Bureau of Investigation (also known as the FBI).  Do you know, or have you had any dealings, either directly or indirectly, with any of them or the United States Attorney's Office for the Southern District of New York?  To your knowledge, have your family members or your close friends had any dealings with any of them or the United States Attorney's Office for the Southern District of New York?

23.    As I mentioned, I am District Court Judge Vernon Broderick and I will be presiding over this case.  Do you, your family members, or your close friends know, or have had any dealings with me directly or indirectly?

24.    I will be assisted during this trial by my Deputy Clerk Leyni Disla and my law clerk Katherine Folly.  Ms. Folly's maiden name was Stein.  Do you, your family members, or your close friends know, or have you had any dealings with either Ms. Disla or Ms. Folly directly or indirectly?

25.    Have you met any of the other prospective jurors before today?

26.    Do you know or have you heard of any of the following individuals or companies whose names may be mentioned during trial, or who may testify during the course of the trial?

~~[LIST TO BE PROVIDED BY THE PARTIES]~~Abair, Suzanne
Acosta, Jeffrey

4

Adams, David
Aflac (company)
Anthony, Brannon
Aramark (company)
Ashlock, Julianne
Atlanta Journal Constitution (company)
Atwood, Justine
Baldwin, Trevor
Baltimore, Jennifer
Brewer, Rosalind
Briscoe, Charles
Brock, John
Brock, Mary
Bronson, Jillian
Cardinal Health (company)
Coca-Cola (company)
Cohen, Darryl
Crawley, Donzaleigh
Cromer, William
Darden Enterprises (company)
Darden Sports Group (company)
Darden, Calvin Sr.
Darden, Patricia
Dershowitz, Jamin
Diorio, Louis
Duguid, Stuart
Ecityan, Serge
Engelbert, Cathy
Equifax (company)
Franklin, Shirley
Gilder, Brian
Gottesdiener, Larry
Hardaway, Penny
Hardeman, Daryl
Home Depot (company)
Horne, Art
Howard, Dwight
Howard, Sheryl
Jackson, Lamar
Ledford, Dirk
Legacy AC LLC (company)
Loffler, Kelly
Mahoney, Patrick
McDonalds (company)
McMullen, Mary
Medina, Jenise
Osaka, Naomi
Pamies, Michelle

Parsons, Chandler
Paulk, Lorielle
Pedroso, Suhaine
Perry, Tyler
Rae, Issa
Rivera, Jessica
Schmidt, Jeffrey
Sebade, Olivia
Sienko, Christopher
Slade, Kenyatta
Starbucks Coffee (company)
Swinton, Mark
Target (company)
TikTok (company)
Tyler Perry Studios (company)
Universal Music Group (company)
UPS (company)
Valentine, Kevin
West, Kanye
Wiseman, James
Yeezy (company)

27.    Have you, or has any relative or close friend, had any substantial connection to or significant dealings with any of these individuals or entities?  By substantial connection, I mean more than knowledge or familiarity with the company or patronizing the company. Rather, I am trying to learn about more significant involvement with the company; an example would be if you, any of your relatives, or close associates was employed or previously employed at one of these companies, or if you have or had a business relationship with one of these companies.

    a.    If so, is there anything about your familiarity with or knowledge of these individuals or entities that could affect your ability to be fair and impartial in this case?

28.    Are you familiar with ~~any of the following general areas or specific locations~~2716 Ridgewood Rd., Atlanta, GA 30327, a location that may be mentioned during trial?

~~[LIST TO BE PROVIDED BY THE PARTIES]~~

6

29.    If so, is there anything about your familiarity with ~~these areas or locations~~this location that could affect your ability to be fair and impartial in this case?

**D.    Experience with Law Enforcement and Defense**

30.    Do you know, or have any association—professional, business, or social, direct or indirect—with any member of the staff of the United States Attorney's Office for the Southern District of New York or the Federal Bureau of Investigation?

31.    Have you, or has any member of your family or any close friend, been employed by any law enforcement agency, whether federal, state, or local, such as the New York City Police Department, Homeland Security Investigations, Federal Bureau of Investigation, Drug Enforcement Administration, U.S. Marshals Service, District Attorney, United States Attorney's Office, Department of Justice, Probation or Parole, Bureau of Prisons, or any other such state or federal agency?

  a.    If so, in what agency and in what capacity?

  b.    Is there anything about that employment that might affect your ability to be fair and impartial in this case?

32.    Have you, or have any of your family members or close friends, had a relationship or friendship with a law enforcement officer of any kind?

  a.    If so, is there anything about that relationship or friendship that might affect your ability to be fair and impartial in this case?

33.    Have you, either through any experience you have had or anything you have seen or read, developed any bias, prejudice or other feelings for or against the United States Attorney's Office for the Southern District of New York, the Federal Bureau of Investigation, or any other law enforcement agency?

34.    Have you, or have any of your family members or close friends, had any experience with law enforcement that you think might affect your ability to be fair and impartial in this case?

35.    Have you, or have any of your family members or close friends, either as an individual or in the course of your or their business, ever been a party to any legal action or dispute with the United States or any of the departments, agencies, or employees of the United States, including the Internal Revenue Service, or IRS?

      a.    If so, have you had any legal, financial, or other interest in the outcome of such a dispute?

36.    Have you, or have any of your family members or close friends, ever had any education or training, applied or worked for, or volunteered in, any area of criminal defense, such as a public defender office, a law office, or a private investigation firm?

      a.    If so, please describe the training, job, and the type of office and, if other than yourself, state the person's relationship to you.

37.    Have you, either through any experience you have had or anything you have seen or read, developed any bias, prejudice or other feelings for or against criminal defense attorneys?

38.    Do you have any personal feelings or experiences concerning law enforcement witnesses that would in any way affect your ability to be fair and impartial in this case?

39.    Would you be more likely to believe a witness merely because he or she is a member of a law enforcement agency?

40.    Would you be less likely to believe a witness merely because he or she is a member of a law enforcement agency?

**E.**    **Experience as a Witness, Juror, Defendant, or Crime Victim**

41.    Have you, or have any of your family members or close friends, ever been involved or appeared as a witness in any investigation by a federal or state grand jury, or by a Congressional or state legislative committee, governmental agency, or licensing authority?

42.    Have you, or have any of your family members or close friends, ever been questioned in any matter by a federal, state, or local law enforcement agency?

43.    Have you, or have any of your family members or close friends, ever been a witness or a complainant in any federal, state, or local prosecution?

44.    Are you, or is any member of your family or any close friend, now under subpoena or, to your knowledge, about to be subpoenaed, in any criminal case?

45.    Have you, or have any of your family members, associates, or close friends, ever been subpoenaed in any criminal case?

46.    Have you, or have any of your family members, associates, or close friends, ever been arrested or charged with a crime?

        a.    If so, what crime?

        b.    Do you believe that those charges were unfairly brought?

        c.    Will this fact affect your ability to be a fair and impartial juror in this case?

47.    Have you, or have any of your relatives, associates, or close friends, ever been the subject of any investigation or accusation by any federal or state grand jury, or by any Congressional committee?

48.    Have you, or have any of your family members, associates, or close friends, ever been a victim of a crime that you think may affect your ability to render a fair verdict?

49.    Have you, or any of your close friends or relatives, ever been stopped or questioned by any member of the Federal Bureau of Investigation, or any other law enforcement agency?

50.     Have you ever served as a member of a grand jury, whether in the federal, state, or county courts?

        a.     If so, when and where?

51.     Have you served as a juror?

        a.     If so, when did you serve?

        b.     Was it in state or federal court?  Was it a civil or criminal case?

        c.     Without disclosing the verdict, did you reach a verdict?

        d.     Was there anything about your previous jury experience that would lead you to feel that you could not be a fair and impartial juror in this case?

## F.     **Ability to Follow Instructions, Types of Evidence**

52.     Under our legal system, the jury determines the facts, and the Court determines the law.  If you are chosen as a juror, you and your fellow jurors will be the exclusive finders of the facts.  Throughout the trial and at the end of the case, I will instruct you on the law.  You are required to accept the law as I give it to you.  It will be your job to determine the facts and apply them to the law as I explain it to you.  Will you be unable or unwilling to follow my instructions as to the law?

53.     Do you have any expectations about the types of evidence that the Government will present in this criminal trial, or in a criminal trial more generally?  If so, what are your expectations?

54.     Would you be unable to follow my instructions that the Government is not required to use any particular technique in order to investigate evidence of a crime?

55.     Some of the evidence that may be introduced in this case will come from searches conducted by law enforcement officers, including searches of email accounts and electronic devices.  I instruct you that these searches were legal and that the evidence

obtained from the searches is admissible in this case.  Do you have any beliefs or experiences about searches conducted by law enforcement officers, or the use of evidence obtained from searches at trial, that would interfere with your ability to fairly evaluate this evidence along with all of the other evidence that will be introduced at this trial?

56.     In order to find the Defendant guilty of the charges, the Government must prove that he is guilty beyond a reasonable doubt.  This is called the Government's burden of proof.  If the Government cannot meet its burden of proof, and you are not satisfied that the Defendant is guilty beyond a reasonable doubt, you must find the Defendant not guilty.  Do you have any difficulty in understanding the burden of proof?  Will you have trouble holding the Government to its burden?

57.     Will you be unable to render a guilty verdict for reasons unrelated to the law, even if the evidence establishes the Defendant's guilt beyond a reasonable doubt?

58.     I will instruct you that the Defendant has no obligation to testify or to produce any evidence, and you must not draw any adverse conclusions if he elects not to testify or produce evidence in this case.  Will you be unable to follow this instruction?

59.     Do you believe that you will be unable to reach a fair verdict in this case because of any prejudice or bias, including racial bias?

60.     The Defendant and many witnesses, for both the government and the defense, may be of a racial or ethnic group different than yours.  Is there anything about this fact that will make it difficult for you to be fair and impartial in this case?

~~59.~~61.  Would you attach greater weight to the testimony of a witness depending on which party called that witness?

62.     If you learned that the Defendant has a prior criminal conviction or convictions, would that cause you not to be fair and impartial?

63.    If you were to hear that any person related to this case was previously convicted of a crime or crimes, would you be unable to follow the court's instructions related to that testimony?

60.64.  Do you have any bias or prejudice or belief that might prevent you from accepting the instructions of law that I will give you in this case?

61.65.  The question of punishment is for me alone to decide, and the possible punishment must not enter into your deliberations as to whether the Defendant is guilty or not guilty.  Will you not be able to accept either of these propositions?

62.66.  Will you not be able to accept the proposition of law that sympathy or empathy must not enter into the deliberations of the jurors as to whether the Defendant is guilty or not, and that only the evidence admitted here in Court may be used by you to determine the guilt of the Defendant?

63.67.  After hearing these questions, are you leaning one way or the other on the question of guilt or innocence?

64.68.  Is there any juror who feels that even if the evidence established the Defendant's guilt beyond a reasonable doubt, he or she might not be able to render a guilty verdict for reasons unrelated to the law and the evidence?

65.69.  After hearing these questions, do you believe strongly that you should not be a juror on this case?  If so, why?

## **PART II**

1.  Please state your name and county of residence.  Please state each county of residence during the past 5 years, including how long you lived at each residence.

2.  Without providing your exact address, what is your current town of residence or neighborhood if you reside in New York City?

3.  Where were you born?

4.  How old are you?

5.  How far did you go in school?

6.  Have you ever served in the military?

    a.  What branch?

    b.  How long were you in the military?

    c.  What rank did you attain?

7.  Are you currently employed, and if so, how?

    a.  Who is your employer and in which county do you work?  *(If retired or unemployed, describe your last employment.)*

8.  How long have you been employed in your current position?  If less than five years, please describe your employment history for the past five years.

9.  Please give your educational background, including the highest degree obtained.

10. Have you visited any foreign countries in the last ten years?  If so, where did you travel?

11. Who are the members of your household, if any, and where do they work, if anywhere?

12. Do you have children or grandchildren?  If so, what are their ages and employment, if any?

13. What newspapers, magazines, or online news sources do you read?  How often do you read them?

14. What websites do you regularly read and/or post comments or information on?

13

15.    Do you use social media?  If so, what platforms do you use?

16.    What television, cable news channels, or online streaming shows do you watch regularly?

17.    Do you watch "Dancing with the Stars?"

18.    What are your hobbies or leisure-time activities?

19.    What clubs or organizations do you belong to?

20.    Are you a devoted fan of professional basketball?

    a.    Do you have particularly strong feelings about any of the professional basketball players whose names I mentioned earlier that would prevent you from being fair and impartial in this case?