# STEVEN Z. LEGON

*Attorney At Law*
20 VESEY STREET
NEW YORK, NEW YORK 1007

TEL. (212) 791-0613  FAX. (212) 964-2926
slegon@aol.com

September 30, 2024

**FILED BY E.C.F.**

Hon. Vernon S. Broderick
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *United States v. Calvin Darden, Jr.*, S3 23 Cr. 134 (VSB)

Dear Judge Broderick:

    In response to the government's letter motion for a proposed jury charge regarding the contractual language of the promissory note introduced into evidence, the defense proposes the following language:

> You have seen evidence of a promissory note between Howard and the Darden Sports Group. Language in a contract, such as a promissory note, may be relevant in considering whether false or fraudulent statements or representations outside the contract were material and whether the defendant acted with fraudulent intent. But I instruct you that language in a contract, such as a promissory note, does not render false or fraudulent statements or representations made outside the contract immaterial as a matter of law. In order to find the defendant guilty on the wire fraud and bank fraud charges, you must find that the Government has proven beyond a reasonable doubt that the false or fraudulent statements or representations were material, and that the defendant acted with fraudulent intent.

    Notably, the defense has removed the following language from the government's proposed jury charge:

> "and a defendant cannot use contractual disclaimers to avoid criminal liability for otherwise material misrepresentations made with intent to defraud."

    This language has been removed because the promissory note in this case does not contain any contractual disclaimer, which is a clause in a contract that seeks to limit the application of the terms of a contract or excludes certain liabilities or obligations that would

otherwise be imposed by law, or is otherwise a denial or renouncement of a party's right or liability. Additionally, the cases cited by the government in support of its proposed language are inapposite, as they each address contractual disclaimers. *See United States v. Weaver*, 860 F.3d 90 (2d Cir. 2017); *United States v. Bankman-Fried*, 22 Cr. 673 (LAK), dkt. 384; *United States v. Novis*, No. 20-CR-335 (JMA), 2023 WL 4746541, at *7 (E.D.N.Y. July 24, 2023) (presence of contractual disclaimers did not mean that there was insufficient evidence of intent to defraud); *United States v. Guo*, No. 23 CR. 118 (AT), 2024 WL 1939221, at *8 (S.D.N.Y. May 2, 2024) (denying motion in *limine* to exclude evidence of disclaimers because, "[t]he transactional disclaimers are part of the total mix of information for the jury to consider.");*United States v. Gentile*, No. 21-CR-54 (RPK) (PK), 2024 WL 2941849, at *2 (E.D.N.Y. June 11, 2024) (same as *Guo*).

          Respectfully,

          *Steven Z. Legon*
          Steven Z. Legon, Esq.
          Anthony L. Ricco, Esq.
          Xavier Donaldson, Esq.
          Erica Ashley Reed, Esq.
          Attorneys for Calvin Darden, Jr.

cc: All Counsel of Record (by E.C.F.)