```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
                                                         :
UNITED STATES OF AMERICA,                                :
                                                         :
            -v-                                          :
                                                         :          23-CR-134 (VSB)
                                                         :
CALVIN DARDEN, JR.,                                      :            **ORDER**
                                                         :
                              Defendant.                 :
                                                         :
---------------------------------------------------------X
```

<u>VERNON S. BRODERICK</u>, United States District Judge:

On April 1, 2025, I received a letter from defense counsel in the above-captioned case, informing me of Calvin Darden Jr.'s request to waive his appearance at his sentencing proceeding, which is scheduled for April 2, 2025 at 2:30 pm. (Doc. 271.) The letter included an affidavit signed by Darden Jr. (Doc. 271-1.)

"Under both the Constitution and Federal Rule of Criminal Procedure 43(a)(3), a criminal defendant has the right to be present during sentencing." *United States v. Leroux*, 36 F.4th 115, 120 (2d Cir. 2022) (quoting *United States v. Salim*, 690 F.3d 115, 122 (2d Cir. 2012)). A defendant may waive his right to be present if that waiver is knowing and voluntary. *See* Fed. R. Crim. P. 43(c)(1)(B); *see also Salim*, 690 F.3d at 122.

I find that Darden Jr.'s affidavit is insufficient to establish that his waiver of his right to appear at his sentencing is knowing and voluntary. Although knowing and voluntary waiver can be accomplished by letter or affidavit in some circumstances, "it is certainly preferable that the waiver come from the defendant directly." *Polizzi v. United States*, 926 F.2d 1311, 1322 (2d Cir. 1991). As Defendant has recently suffered an injury, I find that it is necessary to conduct a direct

1

colloquy with Darden Jr. to confirm the knowing and voluntary nature of his waiver request. That colloquy will occur at the beginning of the time reserved for sentencing on April 2, 2025 at 2:30 pm, and if I am satisfied that Darden Jr. has made a knowing and voluntary waiver, he will be excused for the remainder of the proceeding.

SO ORDERED.

Dated:   April 1, 2025
         New York, New York

*Vernon Broderick* (signature)
Vernon S. Broderick
United States District Judge