UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA
:
           - v. -                       :      CONSENT ORDER OF
                                                                     INTERLOCUTORY SALE
:
CALVIN DARDEN, JR.,              S3 23 Cr. 134 (VSB)
:
      Defendant.
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        WHEREAS, on or about July 18, 2024, CALVIN DARDEN, JR., (the "Defendant"), was charged in a five-count Superseding Indictment, S3 23 Cr. 134 (VSB) (the "Indictment"), with conspiracy to commit wire fraud and bank fraud, in violation of Title 18, United States Code, Section 1349 (Count One); wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count Two); bank fraud, in violation of Title 18, United States Code, Sections 1344 and 2 (Count Three); money laundering conspiracy, in violation of Title 18, United States Code, Section 1956(h) (Count Four); and money laundering, in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i), and 2 (Count Five);

        WHEREAS, the Indictment included a forfeiture allegation as to the wire fraud object of Counts One and Two of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One and Two of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One and Two of the Indictment that the Defendant personally obtained;

WHEREAS, the Indictment included a forfeiture allegation as to the bank fraud object of Counts One and Three of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), of any and all property constituting, or derived from, proceeds the Defendant obtained directly or indirectly, as a result of the commission of the offenses charged in Counts One and Three of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One and Three of the Indictment;

WHEREAS, the Indictment included a forfeiture allegation as to Counts Four and Five of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), of any and all property, real and personal, involved in the offenses charged in Counts Four and Five of the Indictment, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in the offenses charged in Counts Four and Five of the Indictment;

WHEREAS, on or about October 4, 2024, following a jury trial, the Defendant was found guilty of Counts One through Five of the Indictment;

WHEREAS, on or about April 3, 2025, the Court entered a Preliminary Order of Forfeiture as to Specific Property/Money Judgment (the "Preliminary Order") (D.E. 275), against the Defendant forfeiting, *inter alia*, all right, title and interest of the Defendant in the following real property:

a. The real property known as 2716 Ridgewood Road NW, Atlanta, Georgia, 30327, in the City of Atlanta, Fulton County, GA, which is further described as: All that tract or parcel of land lying and being in Land Lot 232 of the 17th District of Fulton County, Georgia, being Lot 1, Block A, Unit One, of Ridgewood Estates, according to plat recorded in Plat Book 54, Page 46, Fulton County, Georgia, Records, which plat is hereby referred to and made a part of this description; said property being known as 2716 Ridgewood Road, according to the present system of numbering

property together with all fixtures and appurtenances attached to (the "Subject Property");

WHEREAS, the Subject Property is titled in the names of Calvin Darden, Sr. and Darden Enterprises LLC ("Darden Enterprises");

WHEREAS, the Calvin Darden, Sr. and Darden Enterprises have received an offer from an individual ("Individual-1") to purchase the Subject Property in the amount of $4,600,000 (the "Offer"); and

WHEREAS, the Government, Calvin Darden, Sr., and Darden Enterprises have agreed to the interlocutory sale of the Subject Property by Calvin Darden, Sr. and Darden Enterprises before the conclusion of the forfeiture proceedings in order to preserve the value of the Subject Property pending a final order of forfeiture, with the net proceeds of the sale to be held as the substitute *res* pending further order of this Court;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Jay Clayton, United States Attorney, Assistant United States Attorneys Brandon Thompson, William Kinder, and Kevin Mead of counsel, Calvin Darden, Sr. and Darden Enterprises and their counsel, Jeffrey Barnes, Esq., that:

1. Calvin Darden, Sr. and Darden Enterprises are authorized to sell the Subject Property in a commercially feasible manner and the Government may, in its sole discretion, reject any offer to purchase the Subject Property for insufficient value or where it determines that the offer is being made by, or on behalf of, a person involved in the criminal activity alleged as the basis for forfeiture.

2. The Government has no objection to Calvin Darden, Sr. and Darden Enterprises from entering into a contract of sale in connection with the Offer.

3. Upon the sale of the Subject Property the net proceeds shall be deposited in

the Seized Asset Deposit Fund ("SADF") pending the resolution of this matter.

4. The net proceeds for the sale of the Specific Property will include all moneys realized from the sale of the Specific Property, except for the following:

   a. Any outstanding mortgages and/or liens;
   b. Real estate commissions, fees;
   c. Any other real estate, property, transfer, association or other tax, which is due and owing at the time of the sale;
   d. Insurance costs;
   e. Escrow fees;
   f. Title fees;
   g. County transfer fees;
   h. Legal fees;
   i. Environmental Control Board judgments; and
   j. Final water meter bill.

(hereinafter, the "Net Proceeds").

5. Calvin Darden, Sr. and Darden Enterprises shall, upon filing of this Consent Order of Interlocutory Sale, take all usual and customary steps to sell the Subject Property in accordance with all laws and procedural rules applicable to such sale, with a purpose to effect actual sale within sixty (60) days from the date of entry of this Consent Order of Interlocutory Sale. In the event Calvin Darden, Sr. and Darden Enterprises fail to secure a contract of sale within one hundred twenty (120) days, the Government is authorized to assume responsibility for the sale of the Subject Property.

6. The Net Proceeds, and any and all income or interest accrued thereon, shall be the substitute *res* for the Subject Property (the "Substitute Res") and will serve as a substitute res for the Subject Property in the above-captioned case, with all claims and defenses applicable to the Subject Property, including any other action that may be brought by the United States Attorney's Office ("USAO") for forfeiture of the Subject Property or claims by third parties, to apply instead to the Substitute Res.

7. The Net Proceeds shall be issued in a check made payable to United States Marshals Service and referencing "*U.S. v. Calvin Darden, Jr.*, S3 23 Cr. 134 (VSB)" in the memorandum section of the check and deposited in the SADF pending the resolution of this case.

8. In furtherance of the interlocutory sale the parties agree to execute promptly any documents which may be required to complete the interlocutory sale of the Subject Property.

9. This Consent Order of Interlocutory Sale may be executed in counterparts, each of which shall be deemed an original, and all of which, when taken together, shall be deemed the complete Consent Order of Interlocutory Sale. Signature pages may be by fax or transmitted electronically, and such signatures shall be deemed to be valid originals.

10. This Consent Order of Interlocutory Sale constitutes the complete agreement between the parties hereto and may not be amended except by written consent thereof.

11. The parties hereby waive all rights to appeal or to otherwise challenge or contest the validity of this Consent Order of Interlocutory Sale.

12. Each party agrees to bear its costs and attorneys' fees.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

13.  The Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this Consent Order of Interlocutory Sale.

STIPULATED TO:

JAY CLAYTON
United States Attorney
Southern District of New York
United States of America

By: _____           10/1/2025
    Brandon Thompson                    DATE
    Kevin Mead
    William Kinder
    Assistant United States Attorneys
    26 Federal Plaza
    New York, New York 10238
    (212) 637-2444/2211/2394


CALVIN DARDEN, SR.


By: _____           9/29/25
    Calvin Darden, Sr.                  DATE
    By: Patricia Gail Darden, as power of attorney


DARDEN ENTERPRISES, LLC


By: _____           9/29/25
    Calvin Darden, Sr.                  DATE
    Member of Darden Enterprises, LLC
    By: Patricial Gail Darden, as power of attorney


[SIGNATURES CONTINUE ON FOLLOWING PAGE]

By: _____
     Jeffrey Barnes, Esq.
     Attorney for Calvin Darden, Sr. and
     Darden Enterprises, LLC
     Barnes Firm, LLP
     3480 Peachtree Road NE, Floor 2
     Atlanta, Georgia 30326

September 30, 2025
DATE

SO ORDERED:

_____
HONORABLE VERNON S. BRODERICK
UNITED STATES DISTRICT JUDGE

October 3, 2025
DATE