UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

- v. -

CALVIN DARDEN, JR.,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**PRELIMINARY ORDER OF FORFEITURE <u>AS TO SUBSTITUTE ASSETS</u>**

23 Cr. 134 (VSB)

WHEREAS, on or about July 18, 2024, CALVIN DARDEN, JR, (the "Defendant"), was charged in a five-count Superseding Indictment S3 23 Cr. 134 (VSB) (the "Indictment") of with conspiracy to commit wire fraud and bank fraud, in violation of Title 18, United States Code, Section 1349 (Count One); wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count Two); bank fraud, in violation of Title 18, United States Code, Sections 1344 and 2 (Count Three); money laundering conspiracy, in violation of Title 18, United States Code, Section l 956(h) (Count Four); and money laundering, in violation of Title 18, United States Code, Sections 1956(a)(l)(B)(i), and 2 (Count Five);

WHEREAS, on or about October 4, 2024, following a jury trial, the Defendant was found guilty of Counts One through Five of the Indictment;

WHEREAS, On or about April 3, 2025, this Court entered a Preliminary Order of Forfeiture as to Specific Property/Money Judgment (the "Preliminary Order of Forfeiture") (D.E. 275), imposing a forfeiture money judgment in the amount of $8,075,000 in United States currency representing the amount of proceeds traceable to the offenses charged in Counts One through Three of the Indictment that the Defendant personally obtained, and the property involved in the offenses charged in Counts Four and Five of the Indictment and forfeiting to the Government all right, title

and interest of the Defendant in certain property (the "Specific Property") which included the real property located at 2716 Ridgewood Road NW, Atlanta, Georgia, 30327, in the City of Atlanta, Fulton County, GA the "Atlanta Property");

WHEREAS, to date, the entire the Money Judgment against the Defendant remains unpaid;

WHEREAS, as a result of acts and omissions of the Defendant, the United States has not been able to locate, obtain or collect assets traceable to the proceeds of the Defendant's offenses, other than the Specific Property, despite the exercise of due diligence in investigating the assets of the Defendant;

WHEREAS, the Government has identified the following specific assets in which the Defendant has an ownership interest:

a. One autographed framed Orlando Magic #32 jersey of Orlando Shaquille located at the Atlanta Property;

b. One autographed framed Los Angeles Lakers #32 jersey of Earvin "Magic" Johnson located at the Atlanta Property;

c. One autographed framed Chicago Bulls #23 jersey of Michael Jordan located at the Atlanta Property;

d. Signed autograph framed photo of boxing champions Ken Norton, George Foreman, Larry Holmes, Joe Frazier and Mohammed Ali titled "Champions Forever" located at the Atlanta Property;

e. Framed "DOPE" artwork by DL Warfield, located at the Atlanta Property; and

f. All furniture, household items, electronics, and appliances located at the Atlanta Property, including but limited to:

    i. Patio furniture;
    ii. Pool furniture;
    iii. One barbeque;
    iv. One large white couch with ottoman;
    v. Two swivel leather chairs;
    vi. Telescope;
    vii. One large floor lamp;

viii. One white shag rug;
ix. Wooden coffee table with glass top;
x. Seven flat screen televisions;
xi. Dining room table with six chairs;
xii. Abstract color painting;
xiii. Wooden console table;
xiv. One beige hemp rug;
xv. Two black leather armchairs;
xvi. One black animal fur rug;
xvii. One glass desk;
xviii. One black desk chair;
xix. One Apple computer and keyboard;
xx. One globe;
xxi. Two grey armchairs;
xxii. One queen size bedframe with white headboard;
xxiii. Two bedside metal tables;
xxiv. One metal bookshelf;
xxv. One large mirror;
xxvi. One Sanctuary safe;
xxvii. One queen size canopy bed with white headboard;
xxviii. One black coach;
xxix. One white dresser;
xxx. One large grey rug;
xxxi. Four tires;
xxxii. One Hoist Fitness Station;
xxxiii. One dumbbell weight set;
xxxiv. One barbell weight set;
xxxv. One Octane Fitness Elliptical;
xxxvi. Two white couches;
xxxvii. One orange rug;
xxxviii. Two black leather swivel armchairs;
xxxix. One glass coffee table;
xl. Three bar stools;
xli. One mirror with black frame;
xlii. One queen size bed frame with grey headboard;
xliii. Two glass and gold colored side tables;
xliv. One white rug;
xlv. Four gold-colored bedside lamps with white shades;
xlvi. One large stand up mirror with wooden frame;
xlvii. One white television console;
xlviii. One queen size bed with blue bed frame and blue headboard;
xlix. Two glass bedside tables;
l. Two glass lamps with white shades;
li. One circular mirror;
lii. One white fabric bench;
liii. One large white sectional couch;

liv. One projection television and screen;
lv. Two black swivel armchairs; and
lvi. One abstract black and white painting

(a. through f., collectively, the "Substitute Assets"); and

WHEREAS, the Government is seeking the forfeiture of all of the Defendant's right, title and interest in the Substitute Assets.

NOW IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1. All of the Defendant's right, title and interest in the Substitute Assets is hereby forfeited to the United States of America, for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853(n).

2. Upon entry of this Preliminary Order of Forfeiture as to Substitute Assets, the United States Marshals Service (or its designee) is hereby authorized to take possession of the Substitute Assets and to keep them in its secure, custody and control.

3. Upon entry of a Final Order of Forfeiture, the Substitute Assets shall be applied towards the satisfaction of the Money Judgment entered against the Defendant.

4. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Preliminary Order of Forfeiture as to Substitute Assets and provide notice that any person, other than the Defendant in this case, claiming an interest in the Substitute Assets must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5. The notice referenced in the preceding paragraph shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Substitute Assets, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the Substitute Assets and any additional facts supporting the petitioner's claim and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6. The United States may also, to the extent practicable, provide direct written notice to any person, other than the Defendant, known to have an alleged interest in the Substitute Assets, as a substitute for published notice as to those persons so notified.

7. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Substitute Assets, pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

8. The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Substitute Assets, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

Dated: New York, New York
August 20, 2026

SO ORDERED:

Vernon Broderick

HONORABLE VERNON S. BRODERICK
UNITED STATES DISTRICT JUDGE